**Form B18** (Official Form 18RI)(12/09)

# United States Bankruptcy Court

District of Colorado
Case No. **09−31477−ABC**
**Chapter 11**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Bowen W. Banbury
   aka(s), if any will be listed on the last page.
   35 Ivy Street
   Denver, CO 80220

Social Security No.:
   xxx−xx−6095

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1141(d) of title 11, United States Code, (the Bankruptcy Code).

                                                            BY THE COURT

Discharge Date:  3/16/15                          s/ A. Bruce Campbell
                                                            United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18RI continued (12/09)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 11 CASE

This court order grants a discharge to the person named as the debtor. The discharge is issued after the debtor has completed all payments under the chapter 11 plan or the court has determined, after notice and a hearing, that the debtor is entitled to a discharge pursuant to section 1141(d)(5)(B) of the Bankruptcy Code without completing the chapter 11 plan payments. The discharge is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

If a creditor has a lien, such as mortgage or security interest, and the lien was not eliminated by the plan or by court order, the creditor may have the right to enforce the lien if the debtor fails to satisfy the lien claim as required by the plan. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged and Debts that are Not Discharged**

Except as otherwise specified in the chapter 11 plan,in the order confirming that plan, or in section 1141(d) of the Bankruptcy code, the discharge eliminates a debtor's legal obligation to pay a debt which arose before confirmation of the plan.

Most, but not all, types of debts are discharged, but section 1141(d)(2) of the Code provides that certain types of debts are not discharged in an individual debtor's chapter 11 bankruptcy case. Some of the common types of debts which are not discharged are:

a. Debts for most taxes and debts incurred to pay nondischargable taxes;

b. Debts that are domestic support obligations;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

f. Some debts which were not properly listed on the bankruptcy schedules by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged; and;

h. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to concerning the effect of the discharge.**

## Aliases Page

**Debtor aka(s):**

No Aliases for Debtor